**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| CESAR VELAZQUEZ, | Civil No. 11-2459 (RMB) |
| Plaintiff, |  |
| v. | **OPINION** |
| DONNA ZICKEFOOSE, et al., |  |
| Defendants. |  |

**BUMB, District Judge**:

1.  Cesar Velazquez, an inmate who is confined at FCI Fort Dix, filed a paid Complaint against the Warden and several other officials at FCI Fort Dix.

2.  By Order and Opinion entered December 19, 2011, this Court dismissed the Due Process deprivation of property claim with prejudice, and dismissed the conditions of confinement claim under the Due Process Clause and the Eighth Amendment without prejudice to the filing of an amended complaint stating a <u>Bivens</u> claim for unconstitutional conditions of confinement, contrary to Due Process and/or the Eighth Amendment, within 30 days of the date of the entry of the Order.

3.  Specifically, the Opinion found that Plaintiff failed to allege facts showing the personal involvement and/or deliberate indifference of any named defendant in the deprivation of his Eighth Amendment and/or due process rights.

4. This Court's Opinion and Order informed Plaintiff that if he filed a timely amended complaint, then this Court would reopen the file and screen the amended complaint for dismissal pursuant to 28 U.S.C. § 1915A; in addition, this Court instructed Plaintiff to "file an amended complaint that is complete in and of itself" and to set forth all factual allegations regarding the liability of each defendant in the amended complaint.  [Dkt. 2 at n.1.]

5. On January 29, 2012, Plaintiff executed an Amended Complaint, which the Clerk received on February 1, 2012.  [Dkt. 4.]  The Amended Complaint does not cure the defects of the Complaint.

6. First, the Amended Complaint fails to specify what happened to Plaintiff himself or to describe the conditions of Plaintiff's confinement during the relevant time period, i.e., February 3, 2010, through July 7, 2010.

7. Second, the Amended Complaint states that the defendants "did knowingly and intentionally conspire to invidiously discriminate and to deprive Cesar Velazquez equal protection of the laws . . by Administratively Detaining him;" defendants "each individually and/or while aiding and abetting the other in their personal capacity, did knowingly and intentionally without notice and hearing cause the punishment, and atypical hardship of Cesar Velazquez leading up to and during his Administrative Detention;"

defendants "each individually and/or while aiding and abetting the other in their personal capacity, did knowingly and intentionally without authority/order and with deliberate indifference cause the cruel and unusual punishment of Cesar Velazquez." [Dkt. 4 at 14-16.] However, these allegations are conclusory and, as such, are not entitled to be assumed true. See Ashcroft v. Iqbal, 556 U.S. 662, ___, 129 S.Ct. 1937, 1949 (2009) ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement") (citations and internal quotation marks omitted).

8. Third, the Complaint does not specify facts to substantiate these conclusions.[1]  See Iqbal, 129 S.Ct. at 1949.[2]

---

[1] Plaintiff asserts that certain defendants signed the Inmate Investigative Report and "toured the SHU hearing my complaints." [Dkt. 4 at 18-20.] However, Plaintiff does not allege when defendants toured the SHU, or whether defendant(s) toured the SHU at FCI Fort Dix or MDC Brooklyn, or both, or otherwise specify facts showing how defendant(s) were aware of the conditions of Plaintiff's confinement at MDC Brooklyn.

[2] As the Supreme Court explained in Iqbal, 129 S.Ct. at 1949,

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Accordingly, the Complaint fails to state a cognizable claim that defendant(s) knowingly subjected him to conditions of confinement that were significantly more restrictive than those imposed upon other inmates in solitary confinement in violation of due process, see Shoats v. Horn, 213 F. 3d 140, 144 (3d Cir. 2000), or knowingly subjected him to conditions of confinement that were so severe that they deprived him of a basic human need, contrary to the Eighth Amendment, see Farmer v. Brennan, 511 U.S. 825, 834, 837 (1994); Wilson v. Seiter, 501 U.S. 294, 305 (1991).

9.  This Court will dismiss the Amended Complaint for failure to state a claim, without prejudice to the filing of a second and final amended complaint. **This Court instructs Plaintiff to include all facts in the amended complaint (not in a separate affidavit or memorandum).**

10.  An appropriate Order accompanies this Memorandum Opinion.

> s/Renée Marie Bumb  
> **RENÉE MARIE BUMB**  
> **United States District Judge**

Dated: March 14, 2012

4